UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES OF AMERICA,

                    Plaintiff,

        v.

DARRYL LAMONT YOUNG,

                    Defendant.

CASE NO. CR 24-176-JNW

**ORDER GRANTING
DEFENDANT'S MOTION
TO PROCEED PRO SE, DKT.  97
AND PERMITTING APPOINTED
COUNSEL TO WITHDRAW, DKT.
112**

On April 10, 2026, Defendant, Darryl Lamont Young, by counsel filed a motion to proceed *pro se* stating "Mr. Young unequivocally requests to proceed with his case pro se and the Court should hold an ex parte *Faretta* hearing. Dkt. 97.

The Court **GRANTS** Defendant's request for the reasons below.

In October 2024, the grand jury returned an indictment charging Defendant in Count 1 with Conspiracy to Commit Wire Fraud, in Counts 2-7 with wire fraud, and in Counts 8-13 with aggravated identity theft. Defendant made his initial appearance on March 12, 2025. In September 2025 a superseding indictment was returned charging Defendant in Count 1 with Conspiracy to Commit Wire Fraud; Count 2 Conspiracy to Commit Aggravated Identity Theft;

ORDER GRANTING DEFENDANT'S
MOTION TO PROCEED PRO SE, DKT.  97
AND PERMITTING APPOINTED COUNSEL
TO WITHDRAW, DKT. 112 - 1

Counts 3-8 Wire Fraud; and Counts 9-14 Aggravated Identity Theft. A forfeiture allegation was also alleged.

On March 17, 2025, Defendant by counsel filed his first motion to proceed *pro se,* Dkt. 30, but moved to withdraw the motion two days later. Dkt. 34. The Court granted withdrawal.

On April 18, 2026, Defendant by Counsel filed a second motion to proceed *pro se*. Dkt. 41. However, Defendant subsequently indicated he wanted appointment of new counsel. Dkt. 44. The Court granted the motion.

On July 30, 2025, Defendant filed his third motion to proceed *pro se,* Dkt. 46, but subsequently withdrew the motion on August 7, 2025. Dkt. 49. On October 27, 2025, Defendant's second appointed counsel moved to withdraw. Dkt. 67. The Court granted the motion. On December 1, 2025, Defendant's third appointed counsel moved to withdraw but the motion was stricken at defense counsel's request.

On January 6, 2026, Defendant's lawyer moved for a competency examination. A competency evaluation was performed, the evaluator found Defendant was competent to proceed, and the parties agreed at a competency hearing that Defendant was competent to proceed.

On June 11, 2026, the Court held a hearing on Defendant's motion to represent himself and give up his right to be represented by a lawyer. Defendant has a Sixth Amendment right to represent himself in this criminal matter. *United States v. Farias*, 618 F.3d 1049, 1051(9th Cir. 2010) (citing *Faretta v. California,* 422 U.S. 806, 814–15 (1975)).

1. The Court finds Defendant has made an unequivocal, voluntary, and intelligent request to represent himself, and Defendant knowingly and intelligently waived his right to counsel. Defendants stated his request was unequivocal.

ORDER GRANTING DEFENDANT'S
MOTION TO PROCEED PRO SE, DKT.  97
AND PERMITTING APPOINTED COUNSEL
TO WITHDRAW, DKT. 112 - 2

2.      The United States recited the offenses against Defendant and the statutory penalties for each offense. Defendant stated he heard the recitation and was aware of the nature of the charges against him, and he understood the possible statutory penalties which includes a term of imprisonment, fines, supervised release, and restitution.

3.      The Court told Defendant there are disadvantages in representing oneself, as Defendant has no formal legal training. The United States recited a long list of disadvantages an unrepresented individual would face and how Defendant would be held to the same standards as a lawyer in representing himself. Defendant stated he heard the government's recitation despite this, Defendant remained steadfast in his decision to represent himself. Neither defense counsel nor the United States indicated Defendant is not competent.

5.      Defendant indicated he was aware that his trial is scheduled for July 7, 2025. He stated he was going to file a motion to extend his pretrial deadlines and trial date. He was informed that the assigned trial judge may or may not grant his motions for an extension. Defendant was asked knowing this whether he still requests to represent himself, and he stated he was still requesting the right to represent himself.

For the reasons above, the Court FINDS and ORDERS:

(1)      Defendant's motion to proceed pro se, Dkt. 97, is GRANTED.  The Court finds that Defendant's decision to give up his right to be represented by counsel is unequivocal, knowing, intelligent and voluntary.

(2)      Defendant stated the decision to represent himself is firm and unequivocal.  Defendant stated he knows what he is charged with, the potential penalties, and the disadvantages of self-representation, and the trial court may or may not grant him an

ORDER GRANTING DEFENDANT'S
MOTION TO PROCEED PRO SE, DKT.  97
AND PERMITTING APPOINTED COUNSEL
TO WITHDRAW, DKT. 112 - 3

extension of pretrial deadlines or the trial date. Despite this Defendant remained unequivocal in his decision to represent himself.

(3)     Because the Court grants Defendant's motion to represent himself, Defendant's present counsel Ms. Barker is no longer Defendant's lawyer and is permitted to withdraw.

(4)     The Clerk shall provide copies of this order to Defendant, the United States and the assigned district judge.

DATED this 11th day of June, 2026.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge

ORDER GRANTING DEFENDANT'S
MOTION TO PROCEED PRO SE, DKT.  97
AND PERMITTING APPOINTED COUNSEL
TO WITHDRAW, DKT. 112 - 4