UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DARRYL LAMONT YOUNG and<br>AQEELAH NGIESHA WILLIAMS,<br><br>Defendants. | CASE NO. 2:24-cr-00176-JNW<br><br>ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT YOUNG'S MOTION TO CONTINUE AND APPOINTING STANDBY COUNSEL |

## 1. INTRODUCTION

Pro se Defendant Darryl Lamont Young moves to continue the trial date and pretrial deadlines to allow him more time to prepare for trial. Dkt. No. 135. The Court heard argument on the motion at the June 23, 2026, pretrial conference. For the reasons below, the Court GRANTS the motion in part and DENIES it in part. Because Young's objections are mostly logistical—difficulty accessing mail, email, and telephones while detained—the Court addresses them not by delaying trial but by appointing standby counsel to assist him.

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT YOUNG'S MOTION TO
CONTINUE AND APPOINTING STANDBY COUNSEL - 1

## 2. BACKGROUND

A grand jury charged Young and his codefendant, Aqeelah Ngiesha Williams, in a fourteen-count Superseding Indictment. Dkt. No. 53. Count 1 charges conspiracy to commit wire fraud, 18 U.S.C. § 1349; Count 2 charges conspiracy to commit aggravated identity theft, 18 U.S.C. § 371; Counts 3 through 8 charge wire fraud, 18 U.S.C. §§ 1343 and 2; and Counts 9 through 14 charge aggravated identity theft, 18 U.S.C. §§ 1028A and 2.

The indictment alleges Young, often calling from jail, posed as a Department of Veterans Affairs ("VA") employee to obtain the financial-account information of seriously ill veterans in VA intensive-care units and their emergency contacts, falsely claiming that he needed the information to deposit a fictitious "Veteran's Stimulus" payment. Dkt. No. 53 ¶¶ 1, 7–9. The conspirators then used that information to access the victims' accounts and withdraw or transfer their money. *Id.* ¶¶ 5, 10. The indictment alleges that the scheme reached more than 60 victims and obtained over $8,000. *Id.* ¶ 11.

The case has a lengthy procedural history driven largely by Young. He was represented by a succession of appointed counsel, *see* Dkt. Nos. 9, 45, 76, and litigated a competency question that was resolved on June 3, 2026, when the Court found him competent to stand trial, Dkt. No. 119. Young first moved to represent himself in December 2025, Dkt. No. 78, and renewed that request in April 2026, Dkt. No. 97. United States Magistrate Judge Brian A. Tsuchida granted the request on June 11, 2026, and permitted appointed counsel to withdraw. Dkt. No. 123. At his *Faretta* hearing, Judge Tsuchida advised Young that his anticipated motion to

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT YOUNG'S MOTION TO CONTINUE AND APPOINTING STANDBY COUNSEL - 2

continue might be denied, and Young affirmed that he would proceed pro se no matter how the Court ruled on that motion. Dkt. No. 123.

Trial is set for July 7, 2026. The day his pro se motion was granted, Young filed a slew of pretrial motions, Dkt. Nos. 127–139, including the present motion to continue. The Court has separately denied his other pretrial motions— to dismiss the Superseding Indictment, to suppress recordings of his jail calls, and to reopen his detention. Williams does not oppose the continuance and agrees that a continuance is warranted. Dkt. No. 159.

## 3. LEGAL STANDARD

The Court may grant an ends-of-justice continuance only upon finding that the ends of justice served outweigh the public's and the defendant's interest in a speedy trial, 18 U.S.C. § 3161(h)(7)(A), including where denial would deny a defendant "the reasonable time necessary for effective preparation, taking into account the exercise of due diligence," *id.* § 3161(h)(7)(B)(iv). The decision lies within the Court's "broad discretion" after weighing four factors: (1) the defendant's diligence in preparing his defense; (2) the usefulness of the continuance, that is, how likely it is that its purpose would be achieved; (3) the inconvenience to the court and the opposing party, including witnesses; and (4) the prejudice to the defendant from the denial. *United States v. Kloehn*, 620 F.3d 1122, 1126–27 (9th Cir. 2010). "At a minimum," the defendant "must show some prejudice resulting from the court's denial." *Armant v. Marquez*, 772 F.2d 552, 556–57 (9th Cir. 1985).

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT YOUNG'S MOTION TO CONTINUE AND APPOINTING STANDBY COUNSEL - 3

A denial is reversible only if it was "arbitrary or unreasonable" and prejudicial. *United States v. Wilkes*, 662 F.3d 524, 543 (9th Cir. 2011).

## 4. DISCUSSION

Young's own diligence shows that more time is unnecessary. He has had discovery for well over a year and the volume of motions he filed the day his pro se request was granted shows active preparation and familiarity with the case. *See United States v. Zinnel*, No. 2:11-cr-00234-TLN, 2019 WL 4054845, at *5 (E.D. Cal. Apr. 26, 2019) (no prejudice where the defendant's "numerous and voluminous filings" showed he was "intimately familiar with the facts and history of his case"). Young also affirmed at his *Faretta* hearing that he would proceed pro se regardless of how the Court ruled on this motion, so denial would not nullify his right to self-representation. *Cf. United States v. Farias*, 618 F.3d 1049, 1053–54 (9th Cir. 2010).

Nor would a continuance serve its purpose. The Court recognizes that representing oneself from custody is difficult, and Young understandably emphasizes the obstacles he faces in accessing mail, email, and telephones while detained, but a continuance would not cure those obstacles. The Court instead resolves them below by appointing standby counsel to assist Young, addressing his concerns without delaying trial.

The competing interests also cut against delay, as trial has been continued five times, Dkt. Nos. 22, 40, 61, 73, 102; the Government is prepared, with out-of-state witnesses, including elderly victims, having arranged travel, Dkt. No. 149; and the public and the victims have a strong interest in a timely trial, *see United States*

*v. Ramirez-Cortez*, 213 F.3d 1149, 1156 (9th Cir. 2000) (the speedy-trial interest belongs "to society as well").

Perhaps most importantly, Young has not shown that the denial would affect his "right to present his defense," *Kloehn*, 620 F.3d at 1128—a general need for more time is not enough. *See Wilkes*, 662 F.3d at 543 (no prejudice absent a showing that "his verdict would have been different"); *United States v. Hernandez*, 608 F.2d 741, 746 (9th Cir. 1979) ("[w]hat [m]ight have been discovered … is inadequate to establish prejudice"). Young argued forcefully but identified no prejudice beyond the logistical obstacles, which do not establish prejudice because a detainee's right of court access "is satisfied by adequate assistance of counsel." *United States v. Kvashuk*, No. CR19-0143JLR, 2020 WL 569862, at *4 (W.D. Wash. Feb. 5, 2020). The standby counsel appointed below ensures that access.

Young's one purportedly unavailable witness does not alter the conclusion. The Court's inquiry focuses on the significance of that evidence, *see Kloehn*, 620 F.3d at 1128–29, and Young—having neither described the testimony nor shown it material and not cumulative—has not shown the witness's absence would impair his defense. Nor has he shown a continuance would secure the witness, so it would not serve its purpose either. Young thus has not carried his burden. *Armant*, 772 F.2d at 557. Young's late reply in support of his motion, which the Court has considered, does not change the analysis, as the case law he offers applies the same framework to deny a continuance on similar facts.

In sum, the four factors do not support continuing the trial. The Court is mindful, however, of the genuine challenges Young faces in preparing his defense

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT YOUNG'S MOTION TO CONTINUE AND APPOINTING STANDBY COUNSEL - 5

while representing himself from custody. Those challenges do not warrant moving the trial date, but they do counsel giving Young additional time to prepare and file his pretrial submissions. The Court thus grants the motion in part—extending Young's pretrial deadlines, as set out below—and denies it in part, leaving the July 7, 2026, trial date undisturbed.

## 5.  APPOINTMENT OF STANDBY COUNSEL

The Court has discretion to appoint standby counsel for a defendant who elects to represent himself. *McKaskle v. Wiggins*, 465 U.S. 168 (1984). To address the logistical barriers Young has identified and to ensure the orderly progress of this case to trial, the Court APPOINTS attorney Brent Hart as standby counsel effective immediately.

Standby counsel's role is advisory and logistical, consistent with *McKaskle*, and may not interfere with Young's control of his own defense. Standby counsel may not control the defense, make strategic decisions for Young, file motions without Young's authorization, speak for Young without permission, examine witnesses, make objections, draft filings, present argument, or interfere with Young's exercise of his right of self-representation unless Young requests limited assistance and the Court permits it, or unless the Court orders standby counsel to assume representation. Standby counsel is not hybrid representation.

The limited assistance described in this paragraph is intended to promote orderly, efficient, and non-disruptive proceedings while preserving Young's pro se status and the Court's limits on standby counsel. Standby counsel may, upon

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT YOUNG'S MOTION TO CONTINUE AND APPOINTING STANDBY COUNSEL - 6

Young's request, assist with the following matters, consistent with the Court's rules and orders:

    a.  facilitating Young's access, review, identification, organization, and use of discovery, including discovery subject to any protective order;

    b.  maintaining protected discovery in compliance with the Court's protective orders while providing Young meaningful access to protected discovery for defense preparation;

    c.  helping with administrative functions such as sealed or protected filing logistics, exhibit logistics, formatting exhibit lists, attachments, and related procedural issues;

    d.  transmitting filings to and from Young and making ECF filings;

    e.  advising Young on courtroom procedure, trial procedure, exhibit procedure, subpoena logistics, witness logistics, and expert-witness logistics;

    f.  submitting trial exhibits and demonstratives, subject to the Court's rules and orders; and

    g.  procedural guidance, sample forms, and limited legal-reference assistance necessary for Young to comply with the Court's rules, deadlines, trial procedures, protective orders, and filing requirements, without requiring standby counsel to act as a law clerk, perform legal research, draft pleadings for Young, or assume control over defense preparation; standby counsel is not required to print or copy cases or statutes, or to do research as directed by Young.

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT YOUNG'S MOTION TO CONTINUE AND APPOINTING STANDBY COUNSEL - 7

This assistance is not intended to create delay or hybrid representation. It is intended to avoid unnecessary delay, confusion, disruption, disputes over protected materials, exhibit problems, and interruptions during hearings, trial preparation, and trial. These provisions allow limited advisory and logistical assistance to move the case forward.

Standby counsel must maintain protected discovery as required by the protective orders, but may not use the protective orders as a basis to deny Young meaningful access to discovery needed to prepare motions, hearings, trial examinations, impeachment, exhibits, and other defense matters. Any access to protected discovery will remain subject to the protective orders and any further order of the Court.

Standby counsel may sit at counsel table or nearby, as requested by Young and permitted by the Court. Standby counsel may respond to Young's questions during hearings and trial, provide procedural guidance, and assist with exhibits and logistics.

Standby counsel may not address the jury, examine witnesses, make objections, present argument, or otherwise act as counsel unless Young requests limited assistance and the Court permits it, or unless the Court orders standby counsel to assume representation.

Standby counsel must remain sufficiently familiar with the case to assume representation if ordered by the Court. If standby counsel is ordered to assume representation, the Court will address at that time the scope of counsel's role and any scheduling issues necessary to protect Young's rights.

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT YOUNG'S MOTION TO CONTINUE AND APPOINTING STANDBY COUNSEL - 8

The appointment of standby counsel does not waive Young's right of self-representation, does not authorize standby counsel to override Young's decisions, and does not make standby counsel of record unless the Court orders otherwise.

Before trial, standby counsel must meet with Young and answer questions Young might have about trial preparation, suggested strategy, legal and evidentiary principles, or applicable rules of Court.

## 6. CONCLUSION

Accordingly, the Court ORDERS:

1. Young's motion to continue, Dkt. No. 135, is GRANTED IN PART and DENIED IN PART. It is DENIED as to the trial date, which remains set for July 7, 2026, and GRANTED IN PART as to the pretrial deadlines, which are extended as set forth below.

2. Young may file any pretrial motions on or before Tuesday, June 30, 2026. Any opposition is due Thursday, July 2, 2026. No reply briefs will be permitted. **Any pretrial motion or opposition filed after these deadlines will be rejected absent leave of court for good cause shown.** *See United States v. Loo*, No. 2:24-cr-00072-LK, 2025 WL 1434662, at *1 (W.D. Wash. May 19, 2025) (striking pretrial motions filed after the deadline without leave). Young should closely review the Court's order denying his previous set of pretrial motions, Dkt. No. 174, before filing any new motions.

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT YOUNG'S MOTION TO CONTINUE AND APPOINTING STANDBY COUNSEL - 9

3.  On or before June 30, 2026, Young may file his exhibit and witness lists, if any; his trial brief; proposed jury instructions; and a proposed verdict form. Because this is a criminal case, Young is under no obligation to offer witnesses or exhibits.

4.  Attorney Brent Hart, bhart@hjmc-law.com, 206-735-7474, is APPOINTED as standby counsel effective immediately.

The Clerk is directed to send copies of this Order to Young, to standby counsel, and to counsel for the Government.

Dated this 24th day of June, 2026.

Jamal N. Whitehead
United States District Judge

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT YOUNG'S MOTION TO CONTINUE AND APPOINTING STANDBY COUNSEL - 10