UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                              Plaintiff,<br><br>          v.<br><br>DARRYL LAMONT YOUNG et al.,<br><br>                              Defendants. | CASE NO. 2:24-cr-00176-JNW<br><br>ORDER ON MOTION TO RECUSE (DKT. NO. 196) |

Before the Court is a motion to recuse, filed by Defendant Darryl Young on June 30, 2026, as part of his "Objections to Court's Order Denying Motions." (*See* Dkt. No. 196 at 2.) The objections focus on an order issued by United States District Judge Jamal N. Whitehead denying several of Defendant's pretrial motions. (*See* Dkt. No. 174.) On July 6, 2026, Judge Whitehead denied Defendant's motion for recusal, noting that he "holds no bias against [Defendant] and finds no basis to recuse voluntarily." (Dkt. No. 206 at 12–13.)

Local Civil Rule 3(f) provides that whenever a judge in this district declines to voluntarily recuse themself from a case following a party's motion to recuse pursuant to 28

ORDER ON MOTION TO RECUSE (DKT. NO. 196) - 1

U.S.C. § 144 or § 455, they "will direct the clerk to refer the motion to the chief judge." Accordingly, the undersigned now reviews Judge Whitehead's decision not to recuse.

Motions for recusal are governed by 28 U.S.C. § 144 and 28 U.S.C. § 455. Recusal is required if a judge's impartiality might reasonably be questioned or if the judge harbors personal bias or prejudice against a party. 28 U.S.C. § 455(a), (b)(1). Such bias or prejudice must derive from an extrajudicial source. *Agha-Khan v. Mortgage Elec. Registration Sys., Inc.*, Case No. 18-16553, 2022 WL 501564, at *1 (9th Cir. Feb. 18, 2022); *Mayes v. Leipziger*, 729 F.2d 605, 607 (9th Cir. 1984). Under both 28 U.S.C. § 144 and § 455, recusal of a federal judge is appropriate if "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *Yagman v. Republic Ins.*, 987 F.2d 622, 626 (9th Cir. 1993). This is an objective inquiry concerned with whether there is the appearance of bias, not whether there is bias in fact. *Preston v. United States*, 923 F.2d 731, 734 (9th Cir. 1992).

Here, Defendant requests Judge Whitehead recuse himself because he "has previously received monetary benefits from the following [entities:] Federal Labor Relations Authority, Federal Employees Union, & Schroeter Goldmark & Bender[.]" (Dkt. No. 196 at 2.) Defendant asserts that because Judge Whitehead "[has] been involved in litigation with these parties . . . these parties are now in an [adversarial] compromising position over [Defendant] considering [Judge Whitehead's] rulings[.]" (*Id.*) Defendant also asserts Judge Whitehead's involvement in three matters involving the Equal Employment Opportunity Commission several years ago somehow makes Judge Whitehead ineligible to preside over this matter.[1] (Dkt. No. 196-1 at 5–6.)

---

[1] Though Defendant cites three cases he alleges Judge Whitehead was involved in (*see* Dkt. No. 196-1 at 5–6), the Court was only able to verify one case, which is cited as *EEOC v. Global Horizons*, 23 F. Supp. 3d 1301 (E.D. Wash. 2014).

ORDER ON MOTION TO RECUSE (DKT. NO. 196) - 2

The superseding indictment contains 14 charges related to Defendant allegedly impersonating a United States Department of Veteran Affairs employee to fraudulently obtain money and property.  (*See* Dkt. No. 53.)  Defendant does not explain in any coherent manner how the pending charges are related to any prior litigation Judge Whitehead may have been involved in.  Simply put, Defendant's allegations are vague and conclusory.

Moreover, Defendant has put forth no evidence or argument that would serve as the basis for recusal based on Judge Whitehead's prior private practice experience, *e.g.*, *Gottschalk v. State Bar of Cal.*, Case No. CV 08-1556 SGL (OPx), 2009 WL 10700318, at *2 (C.D. Cal. June 24, 2009) (citing § 455(b)(2)) (denying to recuse because the plaintiff offered no evidence the judge had served on the matter which was the subject of the plaintiff's complaint while in private practice or that a lawyer with whom he served in private practice did so), or Judge Whitehead's prior government experience, *e.g.*, *Carr v. Grand Canyon Univ. Inc.*, Case No. CV-19-05214-PHX-MTL, 2019 WL 5718032, at *2–3 (D. Ariz. Nov. 5, 2019) (quoting § 455(b)(3)) (denying to recuse because the judge had not served in government employment and participated as counsel "concerning the proceeding or expressed an opinion concerning the merits of the particular case in controversy'").  The fact that Judge Whitehead previously worked on behalf of various entities in unrelated matters prior to his appointment as a district judge does not raise the inference that Judge Whitehead is biased against Defendant in the instant matter.

Moreover, as noted by Judge Whitehead, there is nothing in the court's earlier adverse rulings or Judge Whitehead's prior government and/or prior private-practice experience that shows bias.  (Dkt. No. 206 at 12.)  Adverse rulings cannot serve as the basis for a recusal motion. *United States v. Studley*, 783 F.2d 934, 939 (9th Cir. 1986) ("alleged prejudice must result from an extrajudicial source; a judge's prior adverse ruling is not sufficient cause for recusal"); *United*

ORDER ON MOTION TO RECUSE (DKT. NO. 196) - 3

*States v. Nelson*, 718 F.2d 315, 321 (9th Cir. 1983) ("Adverse rulings do not constitute the requisite bias.").  Defendant's motion could be denied on this basis alone.

Because Defendant provides no evidence that would lead a reasonable person to question Judge Whitehead's impartiality, Defendant's motion to recuse (Dkt. No. 196) is DENIED.  The Court AFFIRMS Judge Whitehead's denial (Dkt. No. 206 at 12–13) of Plaintiff's motion for recusal (Dkt. No. 196).

Dated this 6th day of July 2026.

David G. Estudillo
United States District Judge

ORDER ON MOTION TO RECUSE (DKT. NO. 196) - 4